UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DIANA Z. ELLIS,

        Plaintiff,

        v.

DEPARTMENT OF VETERANS' AFFAIRS,

        Defendant.

NO.  CV-05-257-RHW

**ORDER OF DISMISSAL**

Before the Court is Plaintiff's Amended Complaint against Defendant, Department of Veterans' Affairs (Ct. Rec. 19).  Plaintiff brings a *pro se* claim against Defendant.  By separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis* (Ct. Rec. 6).  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court previously reviewed Plaintiff's Complaint for legal sufficiency, and dismissed it for failing to state a claim on which relief can be granted (Ct. Rec. 15). On October 21, 2005, Plaintiff was directed to file an Amended Complaint. *Id.* Plaintiff's Amended Complaint seeks relief under the Program Fraud Civil Remedies Act of 1986, pursuant 31 U.S.C. §§ 3801-3812.

Plaintiff has also filed a Complaint against this Court for failing to docket her Complaint, issuing an order without the judge's signature, and depriving her of due process (Ct. Rec. 18).  Each allegation is meritless, as stated in further detail below.

**I.  Failing to State a Claim on which Relief May be Granted**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the Court must dismiss a case

**ORDER OF DISMISSAL** * 1

1   if the Court determines the action is "frivolous or malicious, fails to state a claim

2   on which relief may be granted, or seeks monetary relief against a defendant who is

3   immune from such relief." *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir.

4   2000) ("section 1915(e) applies to all *in forma pauperis* complaints").

5       Plaintiff's complaint does not meet the requirements of 28 U.S.C.

6   § 1915(e)(2). Specifically, Plaintiff's Amended Complaint again "fails to state a

7   claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In the

8   Amended Complaint, Plaintiff asserts a personal injury in violation of the Program

9   Fraud Civil Remedies Act of 1986, 31 U.S.C. §§ 3801-3812. The Program Fraud

10  Civil Remedies Act was enacted to allow federal departments and agencies to

11  pursue administrative actions against individuals for false, fictitious, or fraudulent

12  claims for benefits or payments under a federal agency program. 31 U.S.C. §

13  3102; *see also Orfanos v. Dep't of Health & Human Servs.,* 896 F. Supp. 23, 24-25

14  (D.D.C. 1995) (though not controlling in this jurisdiction, this case stated that the

15  Program Fraud Civil Remedies Act of 1986 is only available to remedy frauds

16  against federal departments and agencies). The Program Fraud Civil Remedies Act

17  was not enacted for citizens to utilize as a cause of action against an administrative

18  agency, and Plaintiff has failed to present any authority indicating otherwise. *See*

19  31 U.S.C. § 3102. Thus, Plaintiff cannot be granted relief under this cause of

20  action, and accordingly her Amended Complaint must be dismissed. *See Lopez*,

21  203 F.3d at 1126 n.7; *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998)

22  (noting 28 U.S.C. § 1915(e) requires a district court to dismiss an *in forma*

23  *pauperis* complaint that fails to state a claim).

24      Plaintiff was previously directed by the Court to submit an Amended

25  Complaint stating: 1) the names of the persons who caused or personally

26  participated in causing the alleged deprivation of her constitutional rights; 2) the

27  dates on which the conduct of each defendant allegedly took place; and 3) the

28  specific conduct or action Plaintiff alleges is unconstitutional. In the Amended

**ORDER OF DISMISSAL** * 2

1   Complaint, Plaintiff failed to name the persons who caused her alleged deprivation

2   of constitutional rights, the date the violation occurred, and the specific

3   unconstitutional conduct.  Plaintiff has already been afforded one opportunity to

4   amend her complaint and it is apparent that allowing another opportunity to amend

5   would be futile.  Plaintiff seeks to appeal a decision of the Department of Veterans'

6   Affairs concerning her veterans' benefits, and this Court lacks jurisdiction to

7   review decisions of the Department of Veterans' Affairs concerning veterans'

8   benefits.  38 U.S.C. § 511(a) (previously 38 U.S.C. § 211); *Johnson v. Robison,*

9   415 U.S. 361, 370 (1974) (identifying two primary purposes behind the no-review

10  clause: "(1) to insure that veterans' benefits claims will not burden the courts and

11  the Veterans' Administration with expensive and time-consuming litigation, and

12  (2) to insure that the technical and complex determinations and applications of

13  Veterans' Administration policy connected with veterans' benefits decisions will

14  be adequately and uniformly made")*; see Demarest v. United States,* 718 F.2d 964,

15  966 (9th Cir. 1983) (interpreting 38 U.S.C. § 511(a) as providing finality to "all

16  decisions of the Department of Veterans' Affairs concerning veterans' benefits.").

17  **II.  Complaint Against the Court**

18       Plaintiff's Complaint against this Court alleges a violation of her rights

19  based on this Court's failure to docket her complaint, issuing an order without the

20  judge's signature, and depriving her of due process.  Pursuant to 28 U.S.C. §

21  1915(e)(2)(B)(i), the Court shall dismiss a case if the Court determines the action is

22  frivolous.  Each of Plaintiff's claims against this Court are frivolous.

23       A claim is legally frivolous when it lacks an arguable basis in either law or

24  in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Franklin v. Murphy,* 745

25  F.2d 1221, 1227-28 (9th Cir. 1984).  The Court may dismiss a claim as frivolous

26  where it is based on an indisputably meritless legal theory or where the factual

27  contentions are clearly baseless.  *Neitzke,* 490 U.S. at 327.  The critical question is

28  whether a claim, however inartfully pleaded, has an arguable legal and factual

**ORDER OF DISMISSAL** * 3

1 basis. *Franklin,* 745 F.2d at 1227.

2     Each of Plaintiff's claims against the Court are frivolous because they are

3 based on unfounded factual allegations.  Plaintiff's Complaint was docketed and

4 assigned docket number CV-05-00257-RHW.  Additionally, the previously issued

5 order was electronically signed by Chief United States District Judge Robert H.

6 Whaley.  Plaintiff's final allegation of deprivation of due process is meritless

7 because this Court lacks the jurisdiction to review a decision of the Department of

8 Veterans' Affairs regarding veterans' benefits, as previously discussed.  Therefore,

9 Plaintiff's Complaint against this Court must be dismissed as frivolous because the

10 factual contentions are baseless.  28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke,* 490 U.S. at

11 327.

12     Accordingly, Plaintiff's Amended Complaints (Ct. Rec. 18 & 19) are

13 **DISMISSED with prejudice.**

14     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

15 Order and forward copies to Plaintiff and **close the file**.

16     **DATED** this 27th day of January, 2006.

18                  s/Robert H. Whaley

19            ROBERT H. WHALEY
20         Chief United States District Judge

25 Q:\CIVIL\2005\Ellis\amended complaint.order.wpd

**ORDER OF DISMISSAL** * 4